IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Landrecus Cowan, ) | Civil Action No.: 0:10-cv-02100-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Michael McCall, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1]  In the R&R, the Magistrate Judge recommends that the Court grant the Respondent's Motion for Summary Judgment [Docket #16] as to the Petitioner's § 2254 claim.

### Procedural History and Factual Background

In the instant *pro se* Petition for writ of habeas corpus, the Petitioner raises the following issues:

> **Ground One:** Excited utterance
>
> Supporting Facts: Officer Hill testified that Brownlee was acting normal at the hospital.  There was not any basis for admitting his testimony as an excited utterance. Further, Hill's testimony that Stowers was "upset" also did not qualify for his statement at the hospital to be admitted as an excited utterance.
>
> **Ground Two:** Burden Shifting
>
> Supporting Facts: On cross Solicitor ask[ed] appellant who the real shooter was and she asked who saw the real shooter.  The State have the burden of proving appellant's guilt.  Appellant's not

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

> obligated to prove anything. Even that a third party killed the decedent. The solicitor shifted the burden of proof.
>
> **Ground Three:** Ineffective Assistance of Counsel
>
> Supporting Facts: (1) Counsel failed to present a competent alibi defense and undermined applicant's chance for a manslaughter verdict; (2) counsel failed to request a jury charge on manslaughter; (3) counsel did not challenge hearsay statement made to Lt. Hill by Watson; (4) counsel did not object to prior statement by Watson that he thought applicant would commit murder; (5) failure to object to closing arguments; (6) failure to object to leading questions; [and] (7) counsel not prepared for trial.

(Pet., Docket #1).

This matter was initiated on August 11, 2010. On December 17, 2010, the Respondent filed a Motion for Summary Judgment. Subsequently, the Petitioner filed a Response in Opposition. The Magistrate Judge issued an R&R on August 23, 2011, in which she recommends that the Court grant summary judgment in favor of the Respondent. On September 8, 2011, the Petitioner filed timely objections to the R&R.

The following is a summary of the facts giving rise to this matter. On October 15, 2002, the Petitioner was tried by a jury and found guilty of murder and possession of a firearm or knife during the commission of a violent crime. The state court sentenced him to life imprisonment for murder and five years' imprisonment for possession of a firearm during the commission of the violent crime. The Petitioner filed a direct appeal raising the issues presented in Grounds One and Two of the instant Petition. On March 18, 2005, the South Carolina Court of Appeals affirmed the decision of the lower court; subsequently, the South Carolina Supreme Court denied the Petitioner's petition seeking certiorari review. Following the dismissal of his appeal, the Petitioner filed a *pro se* application for post-conviction relief ("PCR"). In his application, the Petitioner raised the grounds for relief that he was denied effective assistance of counsel and due

process when his trial counsel failed to request jury instructions on self-defense and manslaughter. On April 22, 2008, through counsel, the Petitioner filed an amended PCR application alleging ineffective assistance of counsel based on, among others, all of the arguments presented in Ground Three of his instant Petition. After holding an evidentiary hearing at which the Petitioner appeared with counsel and testified, the PCR judge denied and dismissed with prejudice his PCR application. On appeal, the Petitioner filed a response to his counsel's *Johnson* petition for a writ of certiorari in which he alleged ineffective assistance of counsel based on the same allegations presented in Ground Three of the instant Petition. The South Carolina Supreme Court denied his petition. This Court now addresses the Petitioner's instant habeas Petition.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

*The Antiterrorism and Effective Death Penalty Act of 1996*

The Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a federal court may only grant habeas corpus relief under Section 2254(d) with respect to a claim adjudicated on its merits in a state court proceeding if that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Frazer v. South Carolina,* 430 F.3d 696, 703 (4th Cir. 2005).

The proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness," and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1). As such, federal courts must accord "considerable deference in their review of state habeas proceedings." *Lovitt v. True,* 403 F.3d 171, 178 (4th Cir. 2005) (citing *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S. Ct. 770, 786 (U.S. 2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. *Id.* at 785. Moreover, a review of a state court decision under the AEDPA standard does not require

an opinion from the state court explaining its reasoning. *See id.* at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 786. Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

## Discussion

In his objections, the "Petitioner objects to grounds one and two (i.e., Pages 9-13) of the Report and Recommendation agreeing with the Respondent's factual and legal position concerning these claims . . ." Objections, p.1. With respect to Ground One, "Excited utterance," the Petitioner argues that "[t]he Court erred by holding officer Hill's testimony about what Stanley Brownlee told him at the hospital was admissible as an excited utterance." *Id.* at 7. However, "[i]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). "[I]n considering federal

5

habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" *Barbe v. McBride,* 521 F.3d 443, 452 (4th Cir. 2008) (quoting *Burket v. Angelone,* 208 F.3d 172, 186 (4th Cir. 2000)).  As the Magistrate Judge noted in the R&R, the Petitioner "argues only that the state trial court and appellate court misapplied state law; he has not raised this allegation, either in state court or in his Petition, as one asserting a constitutional error."[2] R&R, p.9.  Thus, the Petitioner is not entitled to habeas relief on this ground.

With respect to Ground Two, "Burden shifting," the Petitioner contends that "[t]he court erred by ruling the trial court properly allowed the solicitor to challenge Petitioner about who was the 'real shooter,' and who saw the 'real shooter' since this cross-examination was burden shifting." Objections, p.10.  Moreover, the Petitioner argues that "[t]he Court should not approve of the solicitor demanding a defendant to produce third party guilt.  That is, and was fundamentally unfair, and it turns the purpose of a criminal trial on it[s] head." *Id.* at 12.  Essentially, the Petitioner argues that he was denied due process of law.  To be entitled to habeas relief based on improper comments or remarks by a prosecutor, the comments or remarks must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)).  As noted by the Magistrate Judge in the R&R, "[t]here is no indication that the solicitor's line of questioning suggested that the defendant had the burden of proof or obligation to produce certain evidence; rather, the solicitor's questions demonstrate that she was

---

[2]In fact, in his objections, the Petitioner acknowledges that the "lack of confrontation evil is not present here . . ." Objections, p.8 (citing *Crawford v. Washington,* 541 U.S. 36 (2004)).

exploring and examining [the Petitioner's] testimony and his defense." R&R, p.12. After a careful review of the record, the Court finds that the Petitioner has failed to show that the state appellate court unreasonably misapplied clearly established federal law in finding that the solicitor's questions did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden,* 477 U.S. at 181; *see Harrington,* 131 S. Ct. at 785 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Further, the Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d) & (e)(1). Thus, the Petitioner is not entitled to habeas relief on this ground.

Finally, with respect to Ground Three, "Ineffective Assistance of Counsel," the Petitioner claims that his trial counsel was ineffective in several ways. To establish ineffective assistance of counsel, the Petitioner must show that his attorney's performance was both deficient and prejudicial to his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). To satisfy the first prong of the *Strickland* test, the Petitioner must show that his attorney's representation fell below "an objective standard of reasonableness." *Id.* at 687. There is a strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance, and the Court's scrutiny of the attorney's performance must be highly deferential. *Id.* at 688-89. The second prong of the *Strickland* test requires that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether

counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington,* 131 S. Ct. at 788. The Court noted that while "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* (quoting *Padilla v. Kentucky,* 130 S. Ct. 1473, 1485 (U.S. 2010)).

The Magistrate Judge's R&R sets out in great detail all of the findings made by the state PCR judge. After carefully combing through the record in this case, the Magistrate Judge determined that the Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting these claims or that the PCR court made objectively unreasonable factual findings. *See Williams,* 529 U.S. at 410; 28 U.S.C. § 2254(d). In his objections to the R&R, the Petitioner makes little effort to demonstrate how these findings are incorrect. In fact, the Petitioner's "Response and Objections to the Report and Recommendation" is little more than a reassertion of the claims advanced in this case. This Court has carefully reviewed all of the objections made by the Petitioner and has conducted the required *de novo* review. Having done so, the Court is left with the firm conviction that the Magistrate Judge's recommended disposition is correct, and the Petitioner has failed to show that the state court's ruling on his ineffective assistance of counsel claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. The Petitioner has failed to show that the state court unreasonably applied *Strickland* or that it made unreasonable factual findings regarding his ineffective assistance of counsel claims.

Having thoroughly reviewed the entire record, the Petitioner's objections, and the applicable law, the Court finds that the Petitioner has not shown that the state court proceeding "(1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Accordingly, the Petitioner's objections are all overruled.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Respondent's Motion for Summary Judgment [Docket #16] is **GRANTED**.  It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
September 15, 2011